UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeffrey Zuchowski and Jennifer Zuchowski,<br><br>Plaintiffs,<br><br>v.<br><br>First Premier Bank and 11th Hour Recovery, Inc.,<br><br>Defendants. | Court File No. 17-cv-05279 (MJD/BRT)<br><br>**DEFENDANT FIRST PREMIER BANK'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM** |

Defendant First Premier Bank ("FPB") answers plaintiffs' amended complaint as follows:

**GENERAL DENIAL**

Except as admitted or qualified below, denies.

**SPECIFIC RESPONSES**

1. FPB states that Paragraphs 1, 34, and 42 of the Amended Complaint do not require a response.

2. FPB is located at 601 South Minnesota Avenue, Sioux Falls, South Dakota 57104 and therefore denies that it is located in this Judicial District. FPB admits that it transacted business with Plaintiffs. FPB is without knowledge or information concerning the remainder of the allegations in Paragraph 2 and therefore denies them.

3. FPB is without knowledge or information as to paragraphs 3-5; 9-11[1]; 13-14; 25; 28, 35-36; 38; 40-41 of the Amended Complaint and therefore denies them.

---

[1] Plaintiffs' complaint does not have a paragraph 12 or 37.

10429836v3

4. FPB admits paragraphs 6-8; 15-16; 19-22; and 29 of the Amended Complaint.

5. FPB denies paragraph 17-18, and 24 of the Amended Complaint and, to the extent that Paragraphs 17-18, and 24 reference a document, such document speaks for itself and FPB denies Plaintiffs' characterization of such documents. FPB states that the Loan Agreement had an original principal balance of $15,384.50, not $15,384.00.

6. FPB denies paragraphs 23; 26-27; 30-33; and the Wherefore clause (including subparts) of the Amended Complaint.

7. FPB states that Paragraphs 39 and 43, the Fair Debt Collection Practices Act, and case law cited by Plaintiffs contain legal conclusions and that no response is required. To the extent a response is required, FPB denies Paragraphs 39 and 43 of the Amended Complaint.

8. FPB denies Paragraphs 44-46 of the Amended Complaint. FPB is without knowledge or information to answer Paragraphs 44-46 of the Amended Complaint as those allegations relate to 11th Hour Recovery and therefore denies them.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' amended complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred by the bona fide error provision of the Fair Debt Collection Practices Act ("FDCPA").

3. Plaintiffs' claims are barred by the doctrine of unclean hands.

4. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not suffer a cognizable injury, damage or loss.

5. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate any alleged damages.

6. Plaintiffs' claims are barred because First Premier Bank acted in good faith at all times in its dealings with Plaintiffs, and if any conduct by First Premier Bank is found to be unlawful, which First Premier Bank expressly denies, such conduct was not willful and does not give rise to liability.

7. First Premier Bank expressly reserves the right to raise such additional affirmative defenses as may be established during discovery and by the evidence in this case.

## COUNTERCLAIM

Defendant First Premier Bank ("FPB") counterclaims against Plaintiffs as follows:

### COUNTERCLAIM I: ATTORNEY'S FEES AND COSTS

1. Plaintiffs Jennifer and Jeffrey Zuchowski signed a Retail Installment Contract and Security Agreement (the "Agreement"), attached here as Exhibit 1, on July 25, 2014.

2. The Agreement provided for a loan with First Premier Bank and included the payment terms governing the loan. A Dutchman Aspen Trial camper served as collateral. Ex. 1

3. Page 3 of the Agreement states: "If [Plaintiffs] default, you agree to pay [FPB's] court costs, attorneys' fees, and fees for repossession, repair, storage and sale of the Property [Dutchman camper] securing this Contract." Ex. 1.

4. Plaintiffs defaulted on payments required under the Agreement.

5. By defaulting on payments required under the Agreement, Plaintiffs are required to pay FPB's "court costs, attorneys' fees, and fees for repossession, repair, storage and sale of the" the Dutchman camper. *See* Ex. 1.

**WHEREAS**, Defendant First Premier Bank requests judgment against Plaintiffs for all court costs, attorneys' fees, and fees for repossession, repair, storage, and sale of the Dutchman camper, together with prejudgment interest, expenses, and costs.

Dated: December 6, 2017                                **BRIGGS AND MORGAN, P.A.**

By: *s/ Daniel J. Supalla*
    David A. Schooler (#0225782)
    Daniel J. Supalla (#0387064)
    Kathryn M. Short (#0393059)
2200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2157
Telephone: (612) 977-8400
Fax:          (612) 977-8650
Email:       dschooler@briggs.com
             dsupalla@briggs.com
             kshort@briggs.com