**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Jeffrey Zuchowski, and Jennifer Zuchowski,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>First Premier Bank, and 11th Hour Recovery, Inc.,<br><br>　　　　　Defendants. | Civ. No. 17-5279 (MJD/BRT)<br><br><br><br><br>**PRETRIAL SCHEDULING ORDER** |

　　　　Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule will govern these proceedings unless modified pursuant to Local Rule 16.3.

　　　　Stipulated proposals to amend this Scheduling Order must establish good cause for the proposed amendment. Agreement between the parties is not sufficient. While a formal motion is not necessary if the parties agree on their proposals, only the Court may modify a scheduling order and the requirements of Local Rule 16.3 must be met.

　　　　This Pretrial Scheduling Order has been prepared with the input of counsel for the parties and the parties are required to diligently work to meet the deadlines.

**PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY**

The parties have discussed the scope of discovery, including relevance and proportionality and any issues about preserving discoverable information. The parties have also discussed electronic discovery and agree upon the following:

> The parties will exchange all electronically-stored files using common file types such as .pdf, but will make native file types available upon request and if feasible. All documents produced will be Bates labeled.

The parties do not foresee that electronic discovery will be a significant issue in this case and have represented they will work together to resolve any disputes.

The parties will further discuss a plan and protocol for any electronic discovery and any preservation issues before **February 9, 2018**, and will present any disputes regarding their plan and protocol and any preservation issues to the Court by **February 28, 2018**, by letter. The parties are advised that an e-Discovery Guide is available on the Court's website http://www.mnd.uscourts.gov.

**DEADLINES FOR INITIAL DISCLOSURES AND FACT DISCOVERY**

1. The parties must make their initial disclosures under Rule 26(a)(1) on or before **February 9, 2018**.

2. The parties must commence fact discovery procedures in time to be completed on or before **August 31, 2018**.

*Template date Dec. 2017*

**ADDITIONAL DISCOVERY LIMITATIONS**

The following discovery limitations apply:

1. No more than a total of 25 interrogatories, counted in accordance with Rule 33(a) shall be served by either side.

2. No more than 25 document requests, shall be served by each side. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

3. No more than 25 requests for admissions shall be served by each side.

4. No more than 4 factual depositions, excluding expert witness depositions, shall be taken by each side.

**DEADLINES FOR EXPERT DISCOVERY**

The parties anticipate that they will not require expert witnesses at the time of trial. If a party changes its position, the parties must meet and confer by **July 2, 2018**. Proposals to amend the scheduling to accommodate expert discovery must be filed by **July 30, 2018**.

**NON-DISPOSITIVE MOTION DEADLINES**

1. Motions seeking to join other parties must be filed and served by **April 2, 2018**. The parties must diligently pursue any further investigation or discovery to meet this deadline.

2. Motions seeking to amend the pleadings must be filed and served by **April 2, 2018**. The parties must diligently pursue any further investigation or discovery to meet this deadline.

3. All other non-dispositive motions must be filed and served by **October 1, 2018**. The parties must meet and confer to resolve fact

3

and expert discovery disputes when they arise, and if unresolved, bring discovery disputes promptly to the Court's attention.

**DISCOVERY DISPUTES**

Before moving for an order relating to discovery, the movant must request an informal conference with the Court before filing any discovery motion. The purpose of this call is to explore narrowing of the discovery dispute, confirm that IDR is considered, and to discuss the most efficient way to brief disputed issues. Accordingly, before moving for an order relating to discovery, the movant must request an informal conference with the Court by submitting a **SHORT JOINT EMAIL** to chambers at thorson_chambers@mnd.uscourts.gov stating:

- a) the discovery dispute;
- b) whether all parties agree to informal dispute resolution; and
- c) any other information that would be helpful to the parties and the Court in resolving the dispute in a just, speedy, and inexpensive way. No attachments are permitted. The Court will then schedule a conference call.

The informal conference is required to ensure that the dispute is presented and resolved consistent with Fed. R. Civ. P. 1. It does not mean that the parties all concede to informal dispute resolution.

**NON-DISPOSITIVE MOTIONS**

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1.

The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling **Melissa Kruger**, Courtroom Deputy/Judicial Assistant to Magistrate Judge Thorson, at 651-848-1210, prior to filing. Even if the parties agree that a motion can be submitted on the papers without oral argument, Ms. Kruger must be contacted to set the date for submission of the matter to the Court. The matter will be deemed submitted upon receipt of the last filing. The Court will determine whether to hold a hearing.

Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties would jointly contact the Court to obtain a hearing date that works for both sides.

Once the moving party has secured a hearing date, it must promptly serve and file the **notice of hearing** informing all parties of the nature of the motion and the date, time and location of the hearing. The moving party may serve and file the motion and remaining motion papers no later than 14 days before the hearing date, unless a different briefing schedule is set. A party may not call chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

**INFORMAL DISPUTE RESOLUTION (IDR)**

Prior to initiating any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. If an informal

5

*Template date Dec. 2017*

dispute resolution process is used, there is no transcript recording of informal proceedings, including telephone conversations. The matter is not briefed and declaration and sworn affidavits are not filed. Therefore, all parties must be in agreement to participate informally before the Court will consider IDR. If there is no agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.

If the parties agree to pursue the IDR process, the moving party, or the parties jointly, must electronically file a short letter setting forth the issue to be resolved. The Court will review the letter and inform the parties whether IDR will be used. If IDR is used, the parties will be contacted by the Court to schedule a telephone conference and allow for position letters to be filed by each side.

If the parties wish to proceed with IDR in a manner other than that outlined above, the short letter must include a specific proposal for the Court to consider.

**DISPOSITIVE MOTIONS**

All dispositive motions shall be filed by the moving party on or before **November 1, 2018**. All dispositive motions shall be scheduled, filed, and served in compliance with the Electronic Case Filing procedures for the District of Minnesota and in compliance with Local Rule 7.1. Counsel shall schedule the hearing by calling **Kristine Wegner**, Courtroom Deputy for Judge Michael J. Davis, at **612-664-5073**.

When a motion, response, or reply brief is filed on ECF, two (2) paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to **Kristine Wegner**, Courtroom Deputy, at the same time as the documents are posted on

*Template date Dec. 2017*

ECF. If the moving papers are more than one inch combined, the papers should be provided in a tabbed, three-ring notebook.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing via ECF a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

**PROTECTIVE ORDER**

The parties intend to enter into a protective order. The parties are encouraged, though not required, to use the form available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery and Trial Forms" section. http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf. In the interim, any documents that any producing party believes should be governed by a protective order shall be produced to opposing counsel for the attorney's review only and shall not be withheld on the basis that no protective order is yet in place. After the protective order is entered, the producing party must designate the documents under the protective order. The parties' stipulation and proposed protective order must be submitted to the Court before **February 9, 2018**.

*Template date Dec. 2017*

## **HANDLING OF SEALED DOCUMENTS FILED IN CONNECTION WITH ALL MOTIONS**

Counsel must be familiar with Local Rule 5.6 on filing documents under seal in civil cases, effective February 27, 2017. If a joint motion regarding continued sealing is filed pursuant to LR 5.6, it must comply with the Local Rule. For example:

(A)    Joint Motion's Contents. The joint motion must list by docket number each document filed under temporary seal in connection with the underlying motion and, for each such document:

   (i)    briefly describe the document;

   (ii)   explain why the parties agree that the document or information in the document should remain sealed or be unsealed or, if the parties disagree, briefly explain each party's position; and

   (iii)  identify any nonparty who has designated the document or information in the document as confidential or proprietary.

(B)    Party to File Joint Motion. Unless the parties agree or the magistrate judge orders otherwise, the party who filed the first document under temporary seal in connection with the underlying motion must file the joint motion.

The Advisory Comments to the Local Rule provide that the "joint motion must be filed using the Joint Motion Regarding Continued Sealing Form, which is available on the court's website." The current form includes a list of example explanations in a footnote. The undersigned **does not** adopt #3 from that list (3. contains information designated as confidential under a protective order issued in this case [Docket No. XX])

8

*Template date Dec. 2017*

as a sufficient explanation. The designation of material as confidential or protected by any party pursuant to a protective order during the course of discovery as the sole basis for filing the material under seal is not a sufficient explanation to justify continued sealing. Accordingly, counsel must tailor their explanation to the particular documents at issue and may consider the remaining examples:

1. contains information designated as confidential by a nonparty

2. contains information designated as confidential under a non-disclosure agreement between plaintiff and nonparty

3. ~~contains information designated as confidential under a protective order issued in this case [Docket No. XX]~~

4. discovery materials filed in connection with a motion under Fed R. Civ. P. 37

5. reveals trade secrets of defendant

6. reveals proprietary business methods of plaintiff

7. confidential financial records

8. confidential medical records

9. contains termination information regarding former employees of defendant

10. reveals information regarding a minor

11. contains information ordered sealed by the court on DATE [Docket No. XX].

*See* http://www.mnd.uscourts.gov/FORMS/Clerks_Office/Joint-Motion-Form.pdf

*Template date Dec. 2017*

**SETTLEMENT CONFERENCE**

A settlement conference will take place on **April 16, 2018**. A separate Order for Settlement Conference will be issued.

**TRIAL**

This case will be ready for a **jury** trial on or about **March 4, 2019**. The anticipated length of trial is **2** days.

Date:   January 24, 2018

>   *s/ Becky R. Thorson*
>   BECKY R. THORSON
>   United States Magistrate Judge